21 F.3d 1112
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sidney M. DeGROSS, Petitioner/Appellant,
v.
Lloyd F. HAMES, Respondent/Appellee.
 No. 93-35960.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1994.*
Decided April 25, 1994.
 
 1
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM**
 
 
 3
 Petitioner Sidney DeGross appeals the district court's denial of a petition for writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 I. BACKGROUND
 
 4
 DeGross was charged with three counts of first degree robbery, one count of second degree assault and two counts of attempted murder. The first robbery charge related to a robbery at McDonald's restaurant on October 16, 1985. The second robbery charge and the second degree assault charge related to a robbery at another McDonald's on October 23, 1985. The third robbery charge and the attempted murder charges related to a robbery at the "Carrs" supermarket on October 31, 1985.
 
 
 5
 At trial, the last two witnesses for the prosecution were David Miller and Joseph Kloby. Both had met DeGross in jail. They testified that DeGross admitted to them that he had committed all three robberies. After they finished testifying, the trial judge excused the jury to hear motions, and after hearing the motions, the court recessed. During the recess, two jurors (one of whom was an alternate) told the trial judge they were being distracted by what they perceived as signalling of witnesses by Sergeant Marilyn Bailey, the prosecution's chief investigating officer. Without consulting counsel, the judge reconvened the proceedings and, in the presence of the jurors, asked Sergeant Bailey if she was signalling to any of the witnesses. Bailey responded "No, sir."
 
 
 6
 After excusing the jury for the day, the judge recounted to the parties the communications he had received from the two jurors earlier that day. He stated that he had not seen any signalling. Counsel for DeGross claimed that he had observed signalling and moved for a mistrial. In support of his motion for a mistrial, DeGross' counsel presented two witnesses who testified they had observed Sergeant Bailey signalling to Miller and Kloby. The judge denied the motion for a mistrial and offered to give a curative instruction. Neither the defense nor the prosecution wanted a curative instruction.
 
 
 7
 DeGross was acquitted of the first McDonald's robbery. He was convicted of the second McDonald's robbery but acquitted of the related second degree assault charge. He pled no contest to the Carrs robbery, was acquitted of the attempted murder charges, but convicted of third degree assault, a lesser included offense.
 
 
 8
 On appeal, the Alaska Court of Appeals held that the trial court erred by responding to the ex parte communication with the jurors without first affording the defense an opportunity to comment on or object to the court's response, but that the error was "harmless beyond a reasonable doubt." DeGross v. State, 768 P.2d 134, 136 (Alaska App.1989). The Alaska Supreme Court denied review. On collateral review, DeGross alleged violations of his Sixth Amendment right to confrontation and Fourteenth Amendment right to due process. The district court, applying the harmless error test of Brecht v. Abrahamson, 113 S.Ct. 1710 (1993), held that the trial error was harmless.
 
 II. DISCUSSION
 
 9
 We review the district court's denial of a petition for writ of habeas corpus de novo. Jeffries v. Blodgett, 5 F.3d 1180, 1187 (9th Cir.1993). On collateral review, a trial error requires a new trial if it "had substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993).
 
 
 10
 A. Factual Inaccuracy in District Court's Opinion
 
 
 11
 DeGross correctly points out that the district court erroneously referred to Sergeant Bailey as the "court security officer" in its decision denying habeas relief. Sergeant Bailey was the prosecution's chief investigative officer. In exercising our de novo review of the district court's decision, we take into account that Sergeant Bailey was the prosecution's chief investigative officer.
 
 B. Effect of the Ex Parte Communication
 
 12
 DeGross argues that the exchange between the trial judge and Sergeant Bailey in the presence of the jurors invaded the fact-finding province of the jury. By accepting Bailey's response that she had not been signalling the jury, DeGross contends, the trial judge left the jury with the impression that Bailey had not, in fact, signalled the jury. We reject the argument.
 
 
 13
 The trial judge did not instruct the jury that no signalling had occurred, nor did he instruct the jurors that they should disregard the signalling. At the close of trial, the trial judge specifically told the jury that "[n]either by these [jury] instructions nor by any ruling or remark which I have made do I or have I meant to indicate any opinion concerning the facts."
 
 
 14
 The jury's verdicts lend further support to the district court's conclusion that the trial error did not have a substantial or injurious effect. Miller and Kloby (the two witnesses who were allegedly signalled to) testified that DeGross had admitted to them that he committed all three robberies, and that he had assaulted a McDonald's employee during the second McDonald's robbery. The jury convicted DeGross of the second McDonald's robbery, but acquitted him of the assault charge. It also acquitted DeGross of the first McDonald's robbery. The jury apparently focused on physical evidence linking DeGross to the second McDonald's robbery. For example, three McDonald's employees identified the mask worn by DeGross during the second McDonald's robbery as the same mask DeGross was wearing when he was arrested as he fled from the Carrs robbery. They also identified the handgun the robber used as the same gun DeGross was armed with when he was apprehended for the Carrs robbery. The jury may have also believed testimony that a footprint left by DeGross during the second McDonald's robbery matched the soles of the shoes DeGross was wearing when he was arrested for the Carrs robbery.
 
 
 15
 We are also convinced that the trial error did not have a substantial or injurious effect with respect to the jury's verdict on the attempted murder charges stemming from the Carrs robbery. The evidence was clear that DeGross fired his gun at pursuing police officers before he was apprehended. DeGross' counsel acknowledged this much during opening and closing arguments. Counsel argued, however, that "it was a shot that was fired to prevent pursuit, not a shot that was fired to cause death." The jury accepted counsel's argument that DeGross did not intend to murder the police officers, and convicted DeGross of third degree assault, a lesser included offense. The ex parte communication was irrelevant.
 
 
 16
 DeGross also argues that the trial court would have responded differently to the communication had it first consulted with counsel: he contends that the trial court would have either (1) instructed the jury that signalling is a question of fact for the jury or (2) not instructed the jury at all and ordered Sergeant Bailey to refrain from signalling. He further argues that had the trial court responded differently, the outcome of the case may have been different. See United States v. Frazin, 780 F.2d 1461 (9th Cir.), cert. denied, 479 U.S. 844 (1986). We reject these arguments as well.
 
 
 17
 The trial court specifically offered to give a curative instruction, but DeGross declined the offer. DeGross therefore cannot now find fault with the trial court's failure to give a curative instruction. DeGross has also failed to show how the outcome would have differed if the trial court had responded to the communication by ordering Sergeant Bailey to refrain from signalling.
 
 
 18
 We conclude that the state trial court's error did not have a "substantial and injurious effect or influence in determining the jury's verdict." Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993).
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may note be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3